```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 15-60024-CIV-GAYLES
                        MAGISTRATE JUDGE P.A. WHITE
```

FRANCISCO GACITA,                    :

    Petitioner,                  :

v.                                   :      REPORT OF
                                                     MAGISTRATE JUDGE
JULIE L. JONES,[1]                   :

    Respondent.                  :
_____

## Introduction

Francisco Gacita, has filed a _pro se_ petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction and sentence in case number 12-008190CF10A, entered in the Seventeenth Judicial Circuit Court of Broward County, Florida.

This cause has been referred to the Undersigned for consideration and Report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus (DE#1), and the respondent's response with accompanying exhibits. (DE#8).

---

[1]Julie L. Jones has replaced Michael D. Crews as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Jones should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

1

<u>Custody</u>

The respondent concedes petitioner is currently in the lawful custody of the Florida Department of Corrections pursuant to a valid judgment and sentence. (DE#8:2-3).

<u>Claim</u>

This Court, recognizing that petitioner is <u>pro se</u>, afforded him liberal construction pursuant to <u>Haines v. Kerner</u>, 404 U.S. 419 (1972). In his sole claim, petitioner asserts his "sentence is illegal where the court sentenced him to 364 days incarceration followed by four years probation where the petitioner's total guideline score (points) equal[ed] 22 or less, the petitioner's total guidelines score was four (4) points." (DE#1:6).

<u>Procedural History</u>

On June 21, 2012, petitioner was charged with trafficking in cannabis (Count 1) and possession of drug paraphernalia (Count 2). (DE#8,Ex.1). He proceeded to trial, and on January 16, 2014, as to Count 1, petitioner was convicted of the lesser included offense of felony possession of cannabis, and acquitted on Count 2. (<u>See</u> <u>Id.</u>,Exs.9,10). Then, on February 18, 2014, petitioner was adjudicated guilty as to Count 1 and sentenced to 364 days in county jail, followed by four years drug offender probation. (<u>Id.</u>,Exs.2,3). No direct appeal ensued.

On March 17, 2014, petitioner filed a <u>pro se</u> motion to mitigate, reduce, or modify sentence pursuant to Fla.R.Crim.P. 3.800(a) and (c), based on humanitarian grounds. (DE#8,Ex.4). On April 1, 2014, the state trial court denied the motion. (<u>Id.</u>,Ex.5). Then, on April 6, 2014, petitioner moved for rehearing and/or

clarification, wherein he argued that his total guidelines sentence points equals four, therefore, the lowest permissible sentence was any non-state prison sanction. (Id.,Ex.6). Petitioner also explained that he was a chronic substance abuser with a long history of cannabis and alcohol abuse. (Id.). He also made known his desire to attend and complete a residential substance abuse program, that neither his attorney nor the court considered whether petitioner was amendable to treatment, and that the statutes authorized the court to stay and withhold imposition of sentence and place a defendant on drug offender probation if the defendant is a chronic substance abuser. (Id.).

Then, on April 24, 2014, petitioner filed a second pro se motion to correct illegal sentence, pursuant to Fla.R.Crim.P. 3.800(a), wherein he raised the sole claim that his "sentence is illegal where the court sentenced defendant to 364 days incarceration followed by four years probation where his total guidelines points equal 22 or less." (DE#8,Ex.7). As such, plaintiff requested to be placed on drug offender probation. (Id.). Following the state's response, the trial court, on May 14, 2014, denied the motion. (Id.,Exs.9,10). Petitioner subsequently filed a reply in opposition to the state's response. (Id.,Ex.11).

Prior to the court addressing the foregoing reply, petitioner appealed the denial of his second Rule 3.800 motion with the Fourth District Court of Appeal, assigned case number 4D14-2852. (DE#8,Ex.12).

For reasons unknown to this Court, on June 4, 2014, the state trial court issued a second order denying petitioner's second Rule 3.800 motion, based on the same reasons as the court's first order. (DE#8,Ex.13). Petitioner also appealed the denial of this second order with the Fourth District Court of Appeal, assigned case

3

number 4D14-2853. (Id.,Ex.14).

Then, on July 13, 2014, petitioner filed a petition for belated appeal of the order denying his Rule 3.800 motion with the Fourth District Court of Appeal, assigned case number 4D14-2866. (DE#8,Ex.15). From a review of his petition, it appears petitioner was concerned because his prior notices of appeal had not been transmitted to the appellate court. (Id.). However, a review of the record reveals that subsequent to the filing of the petition for belated appeal, the notices of appeal were transferred to the appellate court, which were assigned case numbers 4D14-2852 and 4D14-2853. (See Id.,Exs.17,18). Following the state's response to the district court's order to show cause, the district court, on September 19, 2014, dismissed the petition for belated appeal as moot. (Id.,Exs.16,17,18).

On the district court's own motion, the two appeals, case numbers 4D14-2852 and 4D14-2853, were consolidated on September 19, 2014. (DE#8,Ex.19). Thereafter, on November 6, 2014, the district court, per curiam and without written opinion, affirmed the trial court's denial of the Rule 3.800 motion. (Id.,Ex.20). The mandate issued on December 5, 2014. (Id.,Ex.21).

After the conclusion of his state court proceedings, on December 7, 2014, petitioner filed the instant petition for writ of habeas corpus with this Court. (DE#1).

## Statute of Limitations

The respondent concedes the petitioner's 28 U.S.C. §2254 motion was timely filed. (DE#8:6-7).

<u>Exhaustion & Procedural Default</u>

Before bringing a §2254 habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction. <u>See</u> 28 U.S.C. §2254(b), (c). The exhaustion requirement is not satisfied if the prisoner (1) fails to raise a federal claim in the state court, *see, e.g.,* <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1303 (11th Cir. 1999); or (2) fails to raise a claim in terms of federal law, *see, e.g.,* <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. A claim of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. <u>State v. Dist. Ct. of Appeal, First Dist.</u>, 569 So. 2d. 439, 442 n.1 (Fla. 1990).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief," unless one of two exceptions apply: cause and prejudice or fundamental miscarriage of justice. <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001). "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008). <u>See also</u> <u>Bailey</u>, 172 F.3d at 1305 (holding that the court "may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.").

5

Besides a failure to exhaust, a procedural default may also result from non-compliance with state procedural requirements. See Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640, *reh'g denied*, 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991). Thus, federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. Wainwright v. Sykes, 433 U.S. 72, 85-86, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See also Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), *cert. denied*, 549 U.S. 1286, 127 S.Ct. 1823, 167 L.Ed.2d 331 (2007); Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990). To apply an express procedural bar, the state procedural rule must be regularly followed. See Baldwin v. Johnson, 152 F.3d 1304, 1317 (11th Cir. 1998)(finding that federal courts may not review a claim that a petitioner procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief), *cert. denied*, 526 U.S. 1047, 119 S.Ct. 1350, 143 L.Ed.2d 512 (1999). Application of a regularly established state procedural rule is appropriate where the appellate court silently affirms the lower court procedural bar since federal courts should not presume an appellate state court would ignore its own procedural rules in summarily denying applications for post-conviction relief. Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993).

The United States Supreme Court has recently discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve

> the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. *See, e.g., Coleman*,[2] *supra*, at 747-748, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640; *Sykes,*[3] *supra*, at 84-85, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. *See, e.g.,* Walker v. Martin, 562 U.S. ___, ___, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. 53, [60-61], 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546, 115 L.Ed.2d 640.

Martinez v. Ryan, ___ U.S. ___, ___, 132 S.Ct. 1309, 1316, 182 L.Ed.2d 272 (2012).

Thus, even when a claim has been procedurally defaulted in the state courts, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Maples v. Thomas, ___ U.S. ___, ___, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012)(citations omitted); In Re Davis, 565 F.3d 810, 821 (11th Cir. 2009)(citation omitted). For a petitioner to establish cause, the procedural default "must result from some objective factor external to the defense that prevented [him] from

---

[2]Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

[3]Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

7

raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992)(*quoting* Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397). To establish prejudice, a petitioner must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (*quoting* Carrier, 477 U.S. at 494, 106 S.Ct. 2639, 91 L.Ed.2d 397).

In the absence of a showing of cause and prejudice, a petitioner may nevertheless receive consideration on the merits of a procedurally defaulted claim if he can establish a fundamental miscarriage of justice otherwise would result (i.e., the continued incarceration of one who is actually innocent). See Ward v. Hall, 592 F.3d 1144, 1155-57 (11th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 647, 178 L.Ed.2d 513 (2010). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)(*quoting* Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *cert. denied*, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)(*quoting* Schlup, 513 U.S. at 324). Such evidence is rare, relief on such a basis is extraordinary. Schlup, 513 U.S. at 327.

With these well-established principles in mind, it needs to be determined at the outset if petitioner's claim is unexhausted and/or subject to a procedural bar.

The respondent argues the sole claim raised herein is unexhausted and prospectively procedurally barred from federal review. (DE#8:7-12). Specifically, the respondent maintains that the sole issue petitioner raises has not been exhausted and/or is not appropriate for federal review because petitioner had not framed the instant issue in federal constitutional terms either in state court or in this Court. (Id.:8).

As to the sole issue, review of petitioner's Rule 3.800 confirms he did not raise the issue in federal constitutional terms. Petitioner was required to cite specific federal constitutional or statutory provisions. Merely referring to his sentence as "illegal" is insufficient to invoke the federal constitution in either state court or this Court. Brown v. McNeil, 2009 WL 2132705, *3 (S.D. Fla. 2009). In his Rule 3.800 motion, petitioner never argued that his sentence violated any federal constitutional right or cited any federal law. Any passing reference to federal law was merely a "needle in a haystack." McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005)("'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"). Likewise, the Florida courts denied relief without noting any constitutional claim or citing federal law. Accordingly, petitioner did not fairly present the instant claim to the Florida court for purposes of federal habeas review. This claim is therefore unexhausted.

Further, petitioner would now be barred from returning to the state courts and raising the claim in federal constitutional terms. Florida law procedurally bars new claim or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." Johnson v. Singletary, 647 So.2d 106,

109 (Fla. 1994). Consequently, the claim is now procedurally defaulted from review. Smith v. Sec'y Dep't of Corr's, 572 F.3d 1327, 1342 (11th Cir. 2009)(citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relied.")).

To overcome a procedural bar, a petitioner must demonstrate objective cause for his failure to properly raise the claim in the state forum and actual prejudice resulting from the error complained of.[4] See United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Here, petitioner has not done so. Nor has he established that a fundamental miscarriage of justice will result from application of the bar. To make such a showing, the petitioner must assert and demonstrate actual innocence. See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 2077 (2006); Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847 (2004). The actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; see Dretke, 541 U.S. at 392-93, 124 S.Ct. at 1852, and petitioner has failed to meet the high standard.[5] See Bousley v. United States,

---

[4]To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

[5]The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995)). The Supreme Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11th Cir. 2000); Lee

523 U.S. 614 (1998), quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). Consequently, this claim is barred from consideration in this federal proceeding.

## Discussion

Even if petitioner had exhausted his claim, relief should nonetheless be denied on the merits because he raises an issue of state law. Federal habeas relief is available only to correct constitutional injury. 28 U.S.C. §2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(holding errors that do not infringe a defendant's constitutional rights provide no basis for federal habeas corpus relief); Barclay v. Florida, 463 U.S. 939, 958-59 (1983)("[m]ere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). Questions of state law and procedure "rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991)(quoting Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983)). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508

---

v. Kemna, 213 F.3d 1037, 1039 (8th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him).

(11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976). More specifically, in the area of state sentencing, the Eleventh Circuit has held consistently that federal courts cannot review a state court's alleged failure to adhere to its own sentencing procedures. Id.

Pursuant to this principle, petitioner has stated no claim for which federal habeas corpus relief is available. Petitioner's argument that his sentence was illegal is wholly grounded upon the application of Florida sentencing law, and does not amount to a denial of fundamental due process. See, e.g. Stokes v. McDonough, 2007 WL 1451754, *2 (N.D. Fla. 2007). Under such circumstances, no federal constitutional right is implicated. See Branan, 861 F.2d at 1508.

### Evidentiary Hearing

Lastly, to the extent petitioner argues he is entitled to a federal evidentiary hearing on his claim, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir. 1989), quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11th Cir. 1987). However, no hearing is required where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. Holmes, supra at 1553. Here, for the reasons which have been discussed, no federal hearing is necessary or warranted.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Id. Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a habeas petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484). "Each component of the

§2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Having determined that petitioner is not entitled to relief on the merits, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant petition. After reviewing the claims presented in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See Miller-El, 537 U.S. at 336-38; Slack, 529 U.S. at 483-84.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no certificate of appealability be issued, and the case be closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 8th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Francisco Gacita, <u>Pro Se</u>
      121 Ronald Road
      West Park, FL 33023

      Jeanine Marie Germanowicz, AAG
      Attorney General Office
      1515 N Flagler Drive
      Suite 900
      West Palm Beach, FL 33401