UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-60024-CIV-GAYLES/White

FRANCISCO GACITA,

    Petitioner,

vs.

JULIE L. JONES, et al.,

    Respondents.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 9], entered on September 8, 2015. On January 5, 2015, Petitioner, Francisco Gacita ("Gacita"), filed a *pro se* Petition under 28 U.S.C. Section 2254 ("Section 2244") for Writ of Habeas Corpus by a person in state custody ("Petition") [ECF No. 1]. The case was referred to Judge White, pursuant to Administrative Order 2003-19, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

Upon reviewing Gacita's Petition, Judge White issued the Report recommending that: (1) the Petition for writ of habeas corpus be denied; (2) this case be closed; and (3) the Court deny a certificate of appealability upon entry of its final order. [ECF No. 9 at 14].

In his sole claim, petitioner asserts his "sentence is illegal where the court sentenced him to 364 days incarceration followed by four years probation where the petitioner's total guideline score (points) equal[ed] 22 or less, the petitioner's total guidelines score was four (4) points." [ECF No. 1 at 6]. Judge White found that Petitioner's claim is unexhausted and procedurally

barred from federal review and that Petitioner is not entitled to relief on the merits of the Petition because he raises a state law issue instead of a federal constitutional injury. [ECF No. 9 at 9-11]. The Report also advised Gacita that he had fourteen days from receipt of a copy of the Report to object to it. *Id.* at 14. To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress' intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record. In the light of that review, the Court agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's recommendations that Gacita's Petition seeking relief under 28 U.S.C. Section 2254 be dismissed, Gacita's case be closed, and the Court deny a certificate of appealability.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 21]** is **AFFIRMED AND ADOPTED** as follows:

1. Francisco Gacita's Petition **[ECF No. 1]** is **DENIED**.

2. A certificate of appealability shall not issue.

3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record
Plaintiff, *pro se*